UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CR278 HEA |
| | ) | |
| JAMALL BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on motion filed by Defendant Jamall Brown ("Defendant") to Amend the Judgment [Doc. No. 70]. The United States has filed a response [Doc. No. 73]. The Court has reviewed all matters filed pertaining to the subject to Defendant's Motion. The Motion will be denied for the reasons following.

This motion is filed by Defendant pursuant to Federal Rule of Criminal Procedure 36 to amend his judgment to reflect a three year term of Supervised Release.

On December 12, 2013, the defendant entered a plea of guilty to charges set forth in a superseding information. The written plea agreement set forth a term of supervised release of three years, when in fact the correct term of supervised release was a minimum term of at least five years and a maximum term of life.

The Pre-Sentence Report correctly identified the correct term of Supervised Release as a term of at least five years and a maximum term of life.

The defendant was sentenced to a term of imprisonment of 51 months followed by a term of Supervised Release of life. Both counsel for the defendant and for the government became aware of the discrepancy in the term of Supervised Release. The parties agreed that the defendant would be sentenced to a term of Supervised Release of five years to comport with the statutory scheme and the defendant would still receive the benefit of his plea agreement that allowed him to plead guilty to a superseding information. The defendant agreed to this disposition. The defendant and the government filed a joint motion requesting that the judgment be amended.

The parties subsequently appeared in court and the Court adopted the agreement. The defendant was aware he could withdraw his plea of guilty as to the superseding information and proceed to trial on the original indictment or he could accept the negotiated agreement with a term of Supervised Release of five years. The defendant indicated his desire to accept the five year term of Supervised Release. The Court subsequently amended the judgment.

Rule 36, upon which Defendant relies only concerns clerical errors in a judgment or court order. The record is devoid of any clerical error in the judgment

or court order in this matter. As the Rule is inapplicable, Defendant's Motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Amend Judgment [Doc. No. 70], is **DENIED.**

Dated this 15th day of March, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE